Good morning, Counsel. Good morning, Judge Schroeder, Judge Smith, Judge Rakoff. My name is David Porter. I'm an assistant federal defender from the Eastern District of California, and I represent the appellant Joe Nersesyan. We agree with the government that Joe Nersesyan possessed approximately half a gram of methamphetamine on the afternoon of October 26, 2015. But Congress did not prohibit possession when they defined prohibited person. And they used possession in different parts of the very same statute, possession of a firearm by a felon, for example. Instead, the prohibited person is defined as one who unlawfully used or is addicted to any controlled substance. Counsel, I don't want to interrupt you too early on this, but will you address the fact that, you know, your client made numerous admissions independent of the stop here about his drug dependency, his inability to stay clean, his use of meth, that he really needed help, et cetera, et cetera, et cetera. Isn't that what we're really wrestling with here? This is a sentencing issue. And the judge had, in my judgment, a lot of evidence in front of him to decide that he was a prohibited person. Help me with that. What's wrong with that? Yes, Your Honor. I think, though, that we need to look at the record very, very carefully. One of the things that you said was there was an admission that he used meth. There was no admission on the record ever that he used methamphetamine. And what we need to do is look at the record. Wait a minute. Let's look at after the arrest, he called a friend, admitted that, in quotes, he needs meth and, in quotes, has a problem, and that he has, in quotes, been using heroin and, in quotes, badly needed a 12-step program. That is correct, Your Honor. Do you deny that? No, we don't deny that. But it said he needs meth, not used meth. And you said after the arrest. It's very important to focus here on the timing. What did you – what do you infer that he needs meth because he's a heroin addict if – so that satisfies the statute, too, right? No, Your Honor, it doesn't. What we need to satisfy is to satisfy – what the government needs to satisfy is the sentencing guideline which says at the time of the possession. And the arrest in this case, there were two arrests. There was the arrest on October 25th – 26th, 2015, when the state charges were filed. Those were dismissed almost eight months later in May of 2016. And that is when the statements that Judge Smith refers to was made. And there is nothing in those statements, in those, quote, admissions that he made, that ties his unlawful use of a controlled substance to the time seven months earlier when the initial arrest was made when he possessed the machine gun. So is it your position that it's the burden of the government for sentencing purposes to show that at the very moment of his arrest, they have to show that he was at that moment a drug addict or using drugs? That he was an unlawful user of or addicted to a controlled substance. Yes, at that time. That's what the guideline says. I understand. I'm just asking for your construction of it. Yes, well, I think it's the plain language. So here somebody says they're a heroin addict, they need this, they need to be part of a 12-step program. Isn't that an indication of an ongoing addiction, which would have also been true when he was arrested? But we don't know when that addiction started. The third-hand comment in the pre-sentence report, if you read it very carefully, and I'm suggesting you need to read it very carefully in this case, is that Mr. Narcissian's wife told the probation officer that his abuse of three types of prescription medications began in 2015. There is no indication of when in 2015 that abuse of prescription medications started. So it could have started before. It could have been during the possession on October 26th. Or it could have began after October 26th. What is the, if you will, level of proof that a district judge needs to consider when sentencing? We know, of course, that in a conviction of a crime, the government has got to prove beyond a reasonable doubt.  What level of proof does the district judge have to consider in making a sentencing determination under the guidelines? It's a preponderance of the evidence, but I suggest that, Your Honor, I cited a case called United States v. Brown in my opening brief, in which case the issue was whether there was an enhancement for endangering the financial security of over 100 persons. The Ninth Circuit, this Court reversed the sentencing enhancement in this case, saying, oh, it's likely that that would have happened, that over 100 people were financially devastated by this scheme. But, you know, there's not enough evidence. There's not a preponderance of the evidence to support this enhancement. And so Judge Hurwitz's decision is an excellent decision. I think the Court should follow that decision. You like that decision. I was the attorney for Mr. Brown, and I liked it very much. Yeah. Very well. Do you want to save any of your time, or do you want to go ahead with other questions? I just want to make two very brief points. I just want to stress how different use of methamphetamine, which is always illegal, is from the abuse of prescription drugs. That is a very, very different type of drug abuse. He was sober also for five years. There is no dispute in the record that he went on a rehabilitation program and was sober for five years. So I think the Court should consider the variable nature of drug use and addiction in this case. And this is a very significant enhancement from 33 months to 51 months. So I think the Court should take that into consideration as well. Okay. I reserve the rest of my time. Very well. Thank you. Let's hear from the government. Good morning, and may it please the Court. Cameron Desmond on behalf of the United States. The District Court did not abuse its discretion when it found by preponderance of the evidence that the defendant was a drug user and addict at the time he possessed the machine gun. There are really four categories of evidence in the record that support the District Court's findings. But before I describe those four categories, I do want to address the defendant's main arguments that he raised here this morning. He raised – he really raised four arguments himself. The first was the argument that there was a lack of a temporal nexus between the addiction and the statements and the conduct of addiction post-arrest and the possession of the machine gun on October 26, 2015. Second, he argues that the types of drugs that are referenced throughout the record are not sufficient for the District Court to support the District Court's finding. Third, he argues that the timing of the relapse is not specified, and that undermines the District Court's opinion or finding. And fourth, he argues that the possession of the drugs in the car does not show that Mr. Nersessian was using the drugs and that that was a requirement for the government to find that. Addressing that last argument first, the case law is clear that the government does not need to prove that the defendant was actually using drugs at the moment he's caught in possession of the firearm. And what case would you cite for that? Your Honor, I would cite – I would cite Asa Guida for that. That's a Ninth Circuit case from 1977 where the court held that the 922H3, which was the precursor to 922G3, did not require that finding. Thank you. Here we have a defendant sitting in his own car. He had been possessed of that car for two and a half months. There is a syringe in his glove compartment, and he is in, as the defense concedes, in possession of methamphetamine, a pipe, and four used syringes. The court could reasonably conclude, based on the location of those drugs, the fact that the defendant was sitting in the passenger seat and not driving, that he possessed those drugs and that he had been using or would be using. Did he not say that everything in the car belonged to him except, I forget, one thing, the driver's purse or something like that? Yes, Your Honor. He said everything except for the back passenger's purse. That's what it was. Okay. Yes. So he admitted that the drug paraphernalia and the drugs that were found belonged to him. Once he found out that the search found the drugs, he then denied that the drugs belonged to him. Yes. But there's a footnote in the pre-sentence report that says that there was no evidence that he was under the influence of meth at the time of the arrest or that he used intravenous drugs. What do we do with that? Your Honor, there's nothing in that police report that states that anybody had used drugs on that day. There's no evidence of intravenous drug use of the driver who also possessed a syringe. And I would note that there's also a pipe that had been used that day. So that obviously does not have physical. But the sentencing guideline doesn't require use at that time. They have to be a drug advocate, basically, right? A regular drug user. A regular drug user. So if you have regular drug use, it's obviously not all going to be in the moment of arrest. It's going to be over a period of time, right? Correct, Your Honor. And as I understand, you're saying the Acequeda case substantiates the fact that you don't have to show that they're using drugs at the moment they're caught. It's a pattern. And the materials of paraphernalia that were found in the car that he admitted belonged to him was an indicia that he used drugs. Correct? Yes, Your Honor. And turning to the temporal nexus argument, which I think is a big focus for the defendant, he is found in possession after he's arrested. He meets with a probation pre-trial services officer and is admitted to a drug facility. The same day, he is found in possession of an opioid pill. Two weeks later, he is expelled from the facility for a positive drug test of methadone. By the time the defendant possessed that pill, by the time he tested positive for methadone, the drug problem was serious. It was reasonable for the district court to conclude that that serious drug problem that prevented him from staying in the drug treatment facility was necessarily preceded by prolonged drug use, especially where the defendant admits that he relapsed into drug use in 2015. I also ---- The critical date here when he was arrested was what? October 26, 2015. He admits that he relapsed into drug use in 2015, and he states that he had been using doctor shopping for pills on a daily basis. One argument the defendant also makes is that the variety of drugs and the types of drugs referenced by his statement about relapse undermines the district court's findings, when, in fact, the variety of drugs in the record actually support that finding. There's possession of methamphetamine. There's reference to methamphetamine. There's reference to heroin. There's possession of an opioid pill. There's reference to doctor shopping for pills. That, the government submits, supports the court's finding that this defendant had a serious drug problem and was, in fact, using multiple types of drugs. Overall, Your Honor, Your Honors, I believe the defendant's argument really takes individual facts in the records in isolation and proffers what the district court could have found, but the question here is not what the district court could have found. It's whether the district court's findings were illogical, implausible, or without support or inference that may be drawn from the facts. And if there's no more questions from the panel, I would cede the remainder of my time and ask that the court affirm the sentence. I don't think we do. Thank you very much, counsel. So, counsel, you have some rebuttal time, and I'll bet you disagree with the government. First, I'd like to address the point that you brought up, Judge Smith, about Osegueda. Osegueda was a case from 1977 of this Court. It had nothing to do with the guideline that we're – that you're interpreting today. It had to do with the predecessor statute that talked about what a prohibited person is. And what the guideline added in 2001, I believe it is, is the crucial term here, at the time, you have to be an unlawful – a user of unlawful drug – unlawful user of or addicted to controlled substances. So is it your position – and I know I've sort of asked this before, but this is important to me – is it your position that the arrest must literally take place when the person is using drugs at the time? No. No. They don't have to be using – otherwise the statute or the guideline provision would say using a drug. They have to be an unlawful user of or addicted to controlled substance at the time. I get that. But my point is, if you were the government, how would you prove this? You seem to be focused entirely on that moment. But obviously, if he is in fact a drug user, it's extended over a period of time. They've provided evidence of that. You think that doesn't work because it's at the time. Right. If you look at all the government's cases in this case, Purdy, Osegueda, Edwards, there is plenty of evidence where people came in and testified that at the same time he possessed the weapon, he was a user of controlled substances. There was evidence that he was a user before. And there was evidence that he was a user after. And there was paraphernalia found in the car. And you're saying that that's at the time of his arrest, that that's insufficient to infer that he was a user at the time. Yes, Judge Shorter. In light of the other facts which I mentioned about how variable his abuse was, that he was sober for many years and then apparently fell off the wagon, in light of the fact that beginning, when they said began in 2015, his problem with abuse of prescription occurred again. And by the way, the prosecutor said that that was defendant's admission that he began using in 2015. I submit that it's not on page 713 of the PSR. It looks like it's according to Mrs. Nasseri and his wife. So we're getting this all thirdhand. And the ---- Well, what's wrong with that? I mean, we're talking about a sentencing here. If his wife says he's using the drug, that's evidence, isn't it? It is evidence, Your Honor. But when we're talking about a specific time and when the sentencing commission says at this time of, and it just says 2015, there's no reference to when in 2015 this began. And this occurrence happened on October 6th. Okay. I think we have your point. Other questions by my colleague? My last request, Your Honor, is that under Reyes-Osagueda, this Court remand on a closed record. Okay. Thank you. Thank you. Thank you both for your argument in this case. The case just argued, U.S. versus Norcestian.
judges: Schroeder, M. Smith, Rakoff